IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VICTOR L. PARKER,**<br><br>**Defendant.** | **Case No. 3:23-CR-30101-NJR-1** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Victor L. Parker's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 72). On July 8, 2025, the undersigned sentenced Parker to 60 months of imprisonment and three years of supervised release after he pleaded guilty to two counts of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 61).

Parker now asks the Court to reduce his sentence based on a retroactive amendment to the U.S. Sentencing Guidelines ("U.S.S.G.") that became effective November 1, 2025. For the following reasons, the motion is denied.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed." *See Dillon v. United States*, 560 U.S. 817, 824 (2010). There are narrow exceptions to this rule. *See* § 3582(c). As relevant here, § 3582(c)(2) allows a court

to reduce the sentence of an inmate whose has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(2). Before reducing a sentence, the court must consider the factors set forth in 18 U.S.C. § 3553(a) and any applicable policy statements issued by the Sentencing Commission. *Id.*

## DISCUSSION

In his motion, Parker states that the Court sentenced him to 60 months in prison after finding that he was an offender under U.S.S.G. § 4B1.1. (Doc. 72). Parker asserts that the Sentencing Commission amended the Sentencing Guidelines on November 1, 2025, and modified how prior drug convictions or federal probation are considered for the § 4B1.1 enhancement. (*Id.*). Under the amendment, Parker argues, his prior convictions would not trigger the enhancement, thereby reducing his applicable guideline range. He also claims that the amendment is retroactive under § 1B1.10, and that the sentencing factors of § 3553(a) further support a sentence reduction under § 3582(c)(2).

Parker's motion must be denied for two reasons. First, Parker's sentence was not enhanced under § 4B1.1. That section relates to career offenders, and Parker was not sentenced as a career offender. (*See* Doc. 43). Second, while Parker does not specify which amendment he is referring to, there were no amendments to the Sentencing Guidelines that were made retroactive in November 2025. *See* U.S.S.G. § 1B1.10(d) (specifying the amendments that apply retroactively). The last amendment designated retroactive was Amendment 821, which took effect on November 1, 2023. § 4A1.1. Parker may be referring to a proposed amendment to the career offender guideline, which has not yet

been made final and, in any event, does not apply to his case. *See* Proposed 2026 Guideline Amendments.[1]

Because Parker has not identified any retroactive amendment to the U.S.S.G. that would serve to lower his guideline range, he is not entitled to a sentence reduction.

## CONCLUSION

For these reasons, the Motion to Reduce Sentence filed by Defendant Victor L. Parker (Doc. 72) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 23, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

[1] U.S. SENT'G COMM'N., https://www.ussc.gov/guidelines/amendments/proposed-2026-guideline-amendments-published-january-2026 (last visited Oct. 23, 2026).